UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-5 Anthony Thelen,

        Defendant.

Criminal No. 1:23-cr-20676
Hon. Thomas L. Ludington

---

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

---

The United States of America, by and through its attorneys, Jerome F. Gorgon, Jr. United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, together with Defendant Anthony Thelen, individually and by and through his attorney, Charles E. Chamberlain, submit this Stipulated Order of Forfeiture to the Court and stipulate and agree to the following:

1.    The United States of America filed a Second Superseding Indictment on September 25, 2024, which charged the defendant with Count One, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C.

§ 1349, Count Two, Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and with Counts Three through Fifteen in violation of 18 U.S.C. §§ 1343, 2 in violation of Wire Fraud, Aiding and Abetting (ECF No. 132). The Second Superseding Indictment contains criminal forfeiture allegations under 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2.

2.      The United States filed a First Forfeiture Bill of Particulars on June 12, 2024, which set forth the government's intent to forfeit specific property following the defendant's conviction.

3.      Mr. Thelen pled guilty before this Court to Count Two of the Second Superseding Indictment. (ECF No. 278 – Plea Agreement). Count 2 charges the defendant with Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371.

4.      As part of the Rule 11 Plea Agreement, pursuant to 18 U.S.C. § 981(a)(1)(C), together with 28 U.S.C. § 2461(C), defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of Eight Hundred Fourteen Thousand Six Hundred Forty Dollars ($814,640.00), representing

proceeds obtained by Defendant pursuant to the violation charged in Count 2 of the Second Superseding Indictment. ECF 265, PageID.3001.

5.     The United States and the defendant have also agreed that Defendant will forfeit the following asset to satisfy his forfeiture money judgment, as proceeds of his offense (Subject Property):

-   Five Hundred Fifty Six Thousand Seventy Two Dollars and Ninety Five Cents ($556,072.95) in U.S. Currency previously seized from Union Bank Account No. XXXXX1625 (19-FBI-006310)

6.     The United States and the defendant have also agreed that the United States will release certain funds to allow Defendant to pay his restitution ($914,360) and remaining forfeiture obligations, and provide for the disposition of other funds if those obligations are not paid by sentencing.

7.     Payment in Advance of Sentencing: Defendant agrees that the forfeiture money judgment will be satisfied by Defendant tendering certified funds or wired funds on or before the date of sentencing.  For this purpose, after entry of the preliminary order of forfeiture and upon entry by any relevant third parties into a Memorandum of Agreement to so use the funds and release any related liability, the Government agrees to release from restraint the following seized assets, less any

3

debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect from any person or entity with title to the assets, including but not limited to, any debts that the United States may collect through the Treasury Offset Program ("Advance Payment Funds"). Defendant agrees to fully and promptly pay restitution and the forfeiture money judgment using the following (collectively "Advance Payment Funds"), or other funds of his own choosing:

- A sufficient portion of the following account to satisfy Defendant's remaining forfeiture and restitution obligations: "All Funds on Deposit in SEI Private Trust Company Account No. XXX528 held in the names of Anthony and Celena Thelen (19-FBI-007309)".

8. Following entry of the preliminary order of forfeiture and execution of the Memorandum of Agreement, the United States will notify the account custodians to release to the Defendant the Advance Payment Funds.

9. Alternative Satisfaction: Should the forfeiture money judgment not be satisfied at the time of sentencing by the Subject Property and other funds, Defendant agrees that the forfeiture money judgment may be satisfied with the final forfeiture of his and any third-

4

party interest to the United States in some or all of the following

property (the "Thelen Property"), up to the amount of $814,640.00, and

incorporated in an amended order of forfeiture:

    a. All Funds on Deposit in SEI Private Trust Company Account No. XXX528 held in the names of Anthony and Celena Thelen (19-FBI-007309);

    b. 211 W. Park Street, Saint Johns, MI 48624/Parcel #300-000-069-009-00;

    c. 306 S. Ottawa, Saint Johns, MI 48879/Parcel #300-400-000-016-00;

    d. Westbrook Road, Ionia, MI 48846/Parcel #150-024-000-015-00;

    e. 5907 Olmstead Road, Muir, MI 48860/Parcel #150-024-000-035-01;

    f. 37 Arrowhead Drive, Pewamo, MI 48873/Parcel #080-013-000-090-30;

    g. 56 Arrowhead Drive, Pewamo, MI 48873/Parcel #080-024-000-010-11, with Arrowhead/Parcel #080-024-000-010-12;

    h. Stoney Creek Road, Pewamo, MI 48873/Parcel #080-013-000-090-20;

    i. Struble Road, Muir, MI 48860/Parcel #090-017-000-005-10A;

    j. Off Olmstead Road, Ionia, MI 48846/Parcel #090-019-000-040-00;

    k. 5610 Olmstead Road, Ionia, MI 48846/Parcel #090-019-000-035-21;

    l. Olmstead Road, Ionia, MI 48846/Parcel #090-019-000-045-00

    m. Thirty-Eight Thousand Four Hundred Eighty-Nine Dollars ($38,489.00) in U.S. Currency from Huntington National Bank Account No. XXXXXXX3366, titled to 3SI Building & Leasing LLC;

    n. Twenty-Four Thousand Seven Hundred Thirty-Nine Dollars and Seventy-Nine Cents ($24,739.79) in U.S. Currency from Huntington National Bank Account No. XXXXXXX8440, titled to 2SI Development LLC;

o. One Hundred Ninety-Two Thousand Four Hundred Thirty-Two Dollars and Ninety-Nine Cents ($192,432.99) in U.S. Currency From Chemical Bank Account No. XXXXXXX0154, titled to 2SI Development LLC.

10. Should the forfeiture money judgment not be satisfied by the final forfeiture of the Thelen Property, Defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(l) or otherwise, to satisfy the forfeiture money judgment. The amount that Defendant owes on the forfeiture money judgment shall be reduced by the net amount of Thelen Property or substitute assets forfeited from the defendant to the United States through these criminal proceedings. Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture money judgment and any agreed upon Thelen Property to be forfeited, including the Court's prompt entry of a Preliminary Order of Forfeiture, upon application by the United States at, or any time before or after, Defendant's sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government. Defendant agrees

6

that the forfeiture order will become final as to him at the time entered by the Court. In the event that Defendant withdraws his guilty plea pursuant to his plea agreement, the parties agree to vacate the forfeiture order and return any funds paid. The government agrees not to take action to enforce the forfeiture judgment until the date of sentencing.

11.    The parties also agreed that the United States will promptly release the remaining restrained assets owned solely by Defendant, his family, and/or their entities following satisfaction of his forfeiture and restitution obligations.

12.    As part of the Rule 11 Plea Agreement, the Defendant further agreed to the entry of one or more orders of forfeiture incorporating the forfeiture money judgment and any agreed-upon Thelen Property to be forfeited, including the Court's prompt entry of a Preliminary Order of Forfeiture, upon application by the United States at, or any time before or after, Defendant's sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant further agreed to sign such an order, indicating he consents to its entry if requested to do so by the Government. Defendant agreed that the forfeiture order will become

final as to him at the time entered by the Court. (ECF 265, PageID.3005).

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

A. Based upon the Second Superseding Indictment, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(l)(C) together with 28 U.S.C. § 2461(c), a Forfeiture Money Judgment in the amount of **Eight Hundred Fourteen Thousand Six Hundred Forty Dollars ($814,640.00)**is **GRANTED AND ENTERED** against the defendant in favor of the United States of America.

B. Based upon the Second Superseding Indictment, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(l)(C) together with 28 U.S.C. § 2461(c), the following property is hereby forfeited to the United States, as proceeds of Defendant's offense:

- Five Hundred Fifty Six Thousand Seventy Two Dollars and Ninety Five Cents ($556,072.95) in U.S. Currency previously seized from Union Bank Account No. XXXXX1625 (19-FBI-006310)

C. Should the forfeiture money judgment not be satisfied at the

time of sentencing or by forfeiture of the Thelen property enumerated in the plea agreement: (1) the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant, following sentencing; and (2) to satisfy the forfeiture money judgment, defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853 (P)(1) or otherwise, to satisfy the forfeiture money judgment, after sentencing. The amount that Defendant owes on the forfeiture money judgment shall be reduced by any funds paid by Defendant to satisfy the judgment, and by the net amount of any property finally forfeited from the defendant to the United States.

D.     Should the forfeiture money judgment not be satisfied at the time of sentencing, the United States is hereby authorized, pursuant to Federal Rule of Criminal Procedure 32.2(c), to conduct discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

E.     Pursuant to Federal Rule of Criminal Procedure

32.2(b)(4)(A), this Stipulated Order of Forfeiture shall become final

upon entry as to the defendant, and shall be made part of the

Defendant's sentence in this case and included in the Judgment. "[N]o

ancillary proceeding is required to the extent that the forfeiture consists

of a money judgment."  Rule 32.2(c)(1).

F.     Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2,

and other applicable rules, the United States shall publish notice of this

Stipulated Preliminary Order of Forfeiture and of its intent to dispose

of the Subject Property on www.forfeiture.gov, for at least thirty

consecutive days.  The United States may also, to the extent

practicable, provide direct written notice to any person or entity known

to have an alleged interest in the Subject Property.  The aforementioned

notice shall direct that any person, other than the defendant, asserting

a legal interest in the Subject Property must file a petition with the

Court within thirty (30) days of the final date of publication of notice or

within thirty (30) days of receipt of actual notice, whichever is earlier.

The petition shall be for a hearing before the Court alone, without a

jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the

validity of the petitioner's alleged interest in the Subject Property.  Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

G.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

H.     If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P.

11

32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

      I.     If a third-party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third-party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

      J.     The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).  If the forfeiture money judgment is not satisfied at the time of sentencing, this Order will be amended pursuant to Defendant's Plea Agreement.  ECF 265, PageID.3003-3006.

Agreed as to form and substance:

JEROME F. GORGON, JR.
United States Attorney

S/ K. Craig Welkener
K. Craig Welkener DC1033585
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: November 5, 2025

S/ Charles E. Chamberlain (with Consent)
Charles E. Chamberlain, Jr.
Attorney for Defendant
300 Ottawa Ave, N.W. Ste 810
Grand Rapids, MI 49503
(616) 458-2212
cec@willeychamberlain.com

Dated:  November 5, 2025

**************************************************************

## IT IS SO ORDERED.

**This is not a final order and does not close this case.**

Dated: November 12, 2025                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge