UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

United States of America,

        Plaintiff,    Case No. 1:23-cr-20676
                                    Honorable Thomas L. Ludington

vs.

D-4 Brian Bartlett,

        Defendant.

## Stipulated Preliminary Order of Forfeiture

Plaintiff, by and through its undersigned attorneys, together with the Defendant Brian Bartlett (the "Defendant"), by and through his attorneys, Mark J. Kriger and James Amberg, submit this Stipulated Order of Forfeiture for immediate entry, and stipulate and agree to the following:

As agreed in his Plea Agreement (ECF 270), the Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461, without contest, his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to his violation charged in Count Two of the Second Superseding Indictment.

As agreed in his Plea Agreement, the Defendant agrees pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to the entry of a personal forfeiture money judgment against him in favor of the United States in the

amount of **Eight Hundred Fourteen Thousand Six Hundred Forty Dollars and 00/100 ($814,640.00)**, which represents proceeds obtained by him as a result of his violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States). Upon satisfaction of this money judgment, Defendant shall have no further forfeiture obligations.

In partial satisfaction of the forfeiture money judgment, pursuant to 21 U.S.C. 853(p), the parties agree that the United States shall forfeit the following account ("Subject Property") as proceeds of the offense, and to the extent it is not proceeds as a substitute asset:

- $414,640.00 from Brian Bartlett's accounts at Empower Retirement, LLC.

The Defendant agrees that the United States has satisfied the requirements of 21 U.S.C. 853(p), in that the proceeds of the offense are not available for forfeiture as stated in 21 U.S.C. 853(p)(A, B, and E) due to Defendant's actions, unless this account is forfeited. Defendant also agrees that only the portion of the retirement account that is finally forfeited will subtract from his forfeiture money judgment, and that any portion paid in taxes will of necessity not be forfeited. Defendant waives any claims against the United States or its agents related to the tax implications of this forfeiture, and agrees to pay any such taxes.

As agreed in his Plea Agreement, the Defendant agrees that should the forfeiture money judgment not be satisfied in full by sentencing, the Defendant explicitly agrees to the forfeiture of any other assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise, to satisfy the forfeiture money judgment, including any real property in which he has an interest.

As agreed in his Plea Agreement, the Defendant agrees that if he has not satisfied the forfeiture judgment in full by sentencing, that he will complete and return a Financial Disclosure Form within three weeks of receiving it from government counsel, which may be used in any lawful manner to collect the money judgment amount and/or restitution, and which may be disclosed to any agencies or personnel of the government for that purpose.  The financial statement shall disclose and list all assets, funds and property of any kind in which the Defendant has an interest, all liens and encumbrances against such assets, funds, and property, and all of the Defendant's liabilities.  The financial statement must be signed by the Defendant under penalty of perjury.

As agreed in his Plea Agreement, the Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States

and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in any judicial forfeiture proceedings and that he will testify truthfully in any such proceedings. If any other person or entity has any interest in such property, the Defendant will provide the government with the name and address of the person or entity that has an interest in, and/or possession of, the asset, and assist the government in obtaining a release of interest from any such other person or entity.

In entering this Stipulation, the Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Stipulation on any grounds, including any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In entering this Stipulation, the Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the

forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time he is sentenced.

In entering into this Stipulation, the Defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that this Order shall become final as to the Defendant at entry as to the money judgment, and preliminary as to the retirement account, pursuant to Fed. R. Crim. Procedure 32.2.

Upon satisfaction of the forfeiture money judgment, the Defendant shall have no further forfeiture obligations.

The government agrees not to take action to enforce the forfeiture judgment until the date of sentencing. The Defendant's sentencing is currently set on November 18, 2025.

Based on the contents of the Information, the Defendant's guilty plea to Count Two of the Second Superseding Indictment, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, **IT IS HEREBY ORDERED THAT:**

1. The Defendant shall **FORFEIT** to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) together with 28 U.S.C. § 2461 without contest, his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to his violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States) as charged in Count Two of the Second Superseding Indictment.

2. The Court **ENTERS** a personal forfeiture money judgment in the amount of **Eight Hundred Fourteen Thousand Six Hundred Forty Dollars and 00/100 ($814,640.00)**, against the Defendant, Brian Barlett, in favor of the United States which represents proceeds obtained by him as a result of his violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States). The amount that Defendant owes on the forfeiture money judgment shall be reduced by the net amount of assets forfeited from the Defendant to the United States. Upon satisfaction of this money judgment, Defendant shall have no further forfeiture obligations.

3. The Defendant agrees that the forfeiture amount judgment will be satisfied by forfeiture of the retirement account and Defendant tendering certified funds on or before the date of sentencing.

- 4. If Defendant does not pay the Money Judgment, the United States may move to satisfy the Money Judgment with substitute assets under 21 U.S.C. § 853(p)(2) and the Defendant agrees to waive and relinquish his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(l) or otherwise, to satisfy the forfeiture money judgment, including any real property in which he has an interest.

- 5. This Preliminary Order of Forfeiture shall become final as to the Defendant upon entry, and shall become the Final Order of Forfeiture at the time of Defendant's sentencing and shall be made part of the sentence and included in the Judgment.

- 6. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

- 7. Pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2(b)(6), and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty consecutive days. The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the

ancillary proceeding. The notice shall direct that any person asserting a legal interest in the Subject Property, other than defendant, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

9. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

10. If a third party files a petition for ancillary hearing for any portion of the Subject Property, the Court shall amend this forfeiture order to address the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

11. Pursuant to 21 U.S.C. § 853(n)(7), clear title and all interest in the Subject Property shall VEST in the United States, and the United States shall be AUTHORIZED to dispose of the Subject Property as prescribed by law following the Court's disposition of any petitions for ancillary hearing, or, if none are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing such a petition.

12. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. Any right, title, or interest of defendant Brian Bartlett, and any right, title, or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY and FOREVER EXTINGUISHED**.

14. The forfeiture provisions of this stipulated order are intended to, and will, survive the Defendant, notwithstanding the abatement of any underlying criminal conviction after the entry of this order.  The forfeitability of any particular property pursuant to this stipulated order shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors, and assigns until the agreed forfeiture, including the agreed money judgment amount, is collected in full.

15. The United States may conduct discovery to identify, locate, or dispose of substitute assets in accordance with the Federal Rules of Civil Procedure in order to collect on and enforce the money judgment.

16. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure Rule 32.2(e) to allow forfeiture of substitute assets to satisfy the Money Judgment.

//

//

//

Approved as to form and substance:

JEROME F. GORGON, JR.
United States Attorney

| | |
|---|---|
| S/ K. Craig Welkener | S/ Mark J. Kriger (w/consent) |
| K. Craig Welkener (DC 1033585) | Mark J. Kriger (P30298) and |
| Assistant United States Attorney | James Amberg (P68564) |
| 211 W. Fort Street, Ste. 2001 | Attorneys for Defendant, Brian Bartlett |
| Detroit, MI 48226 | Jamberg@amberglaw.net |
| (313) 226-0248 | mkriger@sbcglobal.net |
| Kenton.Welkener@usdoj.gov | |
| | |
| Dated: October 14, 2025 | Dated: November 17, 2025 |

*******************************

**IT IS SO ORDERED.**

Dated: November 20, 2025                               s/Thomas L. Ludington
                                                                         THOMAS L. LUDINGTON
                                                                         United States District Judge