UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 23-CR-20676
Hon. Thomas L. Ludington

JEFFREY BARTLETT and
BRIAN BARTLETT,

Defendants.
_______________________________________/

**AMENDED JOINT MOTION TO STAGGER SENTENCES**

**(EXPEDITED HEARING REQUESTED)**

NOW COME Jeffrey Bartlett and Brian Bartlett, by and through their respective attorneys, Josh Blanchard and Mark J. Kriger, and respectfully move this Honorable Court for the entry of an Order staggering their respective sentence so as to allow Brian Bartlett to serve his sentence prior to Jeffrey Bartlett, and in support thereof state as follows:

1. On November 18, 2025, Jeffrey Bartlett was sentenced to 15 months imprisonment. The Judgment of Sentence was entered on November 19, 2025. R.E. 328. He is scheduled to report on February 10, 2026 to the institution designated for service of that sentence.

2. On November 20, 2025, this Court sentenced the defendant Brian Bartlett to one year and a day in custody. The Judgment of sentence was filed on November 20, 2025. R.E. 333. He is scheduled to report to the designated institution on February 13, 2026 for service of that sentence

3. Both Jeffrey Bartlett and Brian Bartlett play critical roles in the operation of Surveying Solutions, Inc. (SSI), which employs approximately 100 people. Their roles at SSI support the continued employment of their employees and if neither Brian nor Jeffrey Bartlett are present, it will present an extreme hardship to the operation of that company. Staggering their sentences, on the other hand, will be a substantial benefit to the company and its employees. See exhibit A-Letter from Justin Migut-co-president of SSI.

4. In addition, as discussed in his Sentencing Memorandum, R.E. 314, Brian Bartlett has an extremely disabled son; if the brothers' sentences are staggered as requested in this motion, one of the Bartletts would be present to assist Brian Bartlett's wife, Jessica, with her son's care.

5. Neither Jeffrey nor Brian Bartlett are seeking to avoid reporting, but rather to allow them to serve their sentences while minimizing the collateral damage to their employees and families.

6. After receiving good time credits, Brian Bartlett should be released from the designated institution no later than early November of 2026.

7. If this Court grants the motion herein, Jeffrey Bartlett requests that he be required to report to the designated institution on November 16, 2026. In the event that Brian Bartlett is released from the designated institution earlier than early November of 2026, counsel for Jeffrey Bartlett will notify the Court and Jeffrey Bartlett has no objection to the Court entering an order requiring him to report to the designated institution prior to November 16, 2026.

8. On January 22, 2026 undersigned counsel Mark J. Kriger contacted the Pretrial United States Pretrial Services Officer Jason A Hildebrant, the Pretrial Services Officer for both Brian Bartlett and Jeffrey Bartlett, who confirmed that both Jeffrey Bartlett and Brian Bartlett have fully complied with the condition of their bond. Mr. Hildebrandt also authorized counsel to convey to the Court that he has no objection to the request to stagger the sentences of Brian and Jeffrey Bartlett.

9. Pursuant to L.R. 7.1, counsel for Brian Bartlett explained the relief requested in the motion herein to William J. Vaillencourt, Jr., and Mr. Vaillencourt stated that "[t]he United States takes no position on this motion and leaves it to the exercise of the court's sound discretion."

10. On January 27, 2026 defendants filed a Motion to Stagger Sentences [R.E. 340] which failed to provide a date for Jeffrey Bartlett to report to the designated institution in the event this Court grants the motion herein. Defendant hereby withdraws the Motion to Stagger Sentences filed on January 27, 2026.

11. Because of the shortness of time until their current reporting date, defendant asks the Court to give immediate consideration to this Motion, but if that is not feasible, to immediately enter an Order staying the requirement that they report until it has had an opportunity to fully consider the merits of the Motion.

WHEREFORE, Defendant prays that this Honorable Court enter an Order permitting Jeffrey Bartlett to serve his sentence prior to requiring Brian Bartlett to report for the service of his sentence and further order that Jeffrey Bartlett shall report to the designated institution on November 16, 2026.

Respectfully submitted,

/S/MARK J. KRIGER
Attorney for Brian Bartlett
500 Griswold Street, Suite 2400
Detroit, Michigan 48226
(313) 967-0100
E-Mail: mkriger@sbcglobal.net

/S/JOSHUA A. BLANCHARD
Attorney for Jeffrey Bartlett
309 S. Lafayette St, Suite 208
Greenville, MI 48838
(616) 773-2945
Email: josh@blanchard.law

Dated: February 4, 2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 23-CR-20676
Hon. Thomas L. Ludington

JEFFREY BARTLETT and BRIAN BARTLETT,

Defendants.
______________________________________/

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STAGGER SENTENCES**

**Question presented:** Whether this Court should permit defendant Jeffrey Bartlett to serve his sentence prior to requiring defendant Brian Bartlett to report to the designated institution for the service of his sentence?

**Principal authorities:** 18 U.S.C. § 3143(a)(1)

Release pending execution of sentence is governed by 18 U.S.C. § 3143(a)(1), which provides, as follows:

> (a) Release or Detention Pending Sentence.—
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and

> convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Implicit in this Court's orders permitting both Brian and Jeffery Bartlett to remain on bond, pending their voluntary surrender to the designated institution, is a finding that they meet the standard set forth in 18 U.S.C. § 3143(a)(1). The Bail Reform Act requires the Court to attempt to fashion conditions of release that will "reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(c). It also provides that, once having set conditions of release, the Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

As explained in the Motion in support of which this memorandum is written. Brian and Jeffrey Bartlett ask that the Court exercise its unquestioned discretion to permit Brian Bartlett to serve his sentence prior to requiring Jeffrey Bartlett to report to the designated institution for the service of his sentence, to allow for continuity of care for Brian Bartlett's disabled son, and in order to facilitate the continued operation of their company, SSI. Attached as Exhibit A to this memorandum is a letter from Justin Migut, Co-President of SSI, who explains in pertinent part, as follows:

> Jeffrey and Brian Bartlett serve as the most senior surveyors at SSl's Standish office. Together, they bring over 45 years of surveying experience, developed through years of mentorship under prior senior professionals.
>
> SSI has undergone significant changes in recent years, including shifts in personnel and leadership. Jeffrey and Brian Bartlett currently serve as advisors to SSl's Standish office, providing support for project management and technical review, as needed. Their familiarity with past practices and historical projects serves as a helpful reference for our personnel as we continue to move forward.
>
> Having at least one Bartlett present at SSl's Standish office during this period will preserve office morale and stability in the private surveying services that SSI provides.
>
> I would also like the Court to be aware that SSI is hopeful to enter into a settlement agreement with the Federal Highway Administration (FHWA) in the coming months. A provision of that settlement agreement will be that SSI is to have no contact with Jeffrey or Brian Bartlett while they are incarcerated. SSI intends to follow this mandate. However, that is further reason that staggering their sentences would be beneficial to SSI, whereby one of the two would be available for their experience, as we continue our transition.

Exhibit A.

Both Jeffrey Bartlett and Brian Bartlett have been in complete compliance with their bond conditions and there is simply no reason to believe that if this Court grants their request to stagger their sentences that either of them would fail to report as required. At the same time, the accommodation they seek would provide for the stability of a business enterprise that does useful work and employs approximately 100 people.

Respectfully submitted,

/S/MARK J. KRIGER
Attorney for Brian Bartlett
500 Griswold Street, Suite 2400
Detroit, Michigan 48226
(313) 967-0100
E-Mail: mkriger@sbcglobal.net

/S/JOSHUA A. BLANCHARD
Attorney for Jeffrey Bartlett
309 S. Lafayette St, Suite 208
Greenville, MI 48838
(616) 773-2945
Email: josh@blanchard.law

DATED: February 4, 2026

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/Mark J. Kriger
LARENE & KRIGER, P.L.C.
500 Griswold, Suite 2400
Detroit, Michigan 48226
(313) 967-0100
E-mail: mkriger@sbcglobal.net